John A. **BERSANI** and Daniel Lugosch, General Partners of Newport Galleria Group, An Affiliate of the Pyramid Companies, Plaintiffs,

v.

Michael R. **DELAND**, Regional Administrator, Region I, United States Protection Agency, Defendant,

v.

**CONSERVATION LAW FOUNDATION OF NEW ENGLAND, INC., et al.,** Intervenors.

Civ. A. No. 86–0622–Z.

United States District Court, D. Mass.

July 2, 1986.

---

Michael S. Gardener, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, Boston, Mass., for plaintiffs.

Richard Welch, Asst. U.S. Atty., Boston, Mass., for intervenors, Peter Shelly, Conservation Law Foundation of New England, Inc.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

Plaintiffs are developers who seek to erect a shopping center on the site of "Sweedens Swamp," a wetland area in Attleboro, Massachusetts. In accordance with the requirements of § 404 of the Federal Water Pollution Control Act ("Clean Water Act" or "the Act"), 33 U.S.C.A. § 1344 (West 1986), plaintiffs applied to the United States Army Engineer Corps ("Corps") for a permit to develop the wetland. After the Corps issued a Notice of Intent to approve the application, the Environmental Protection Agency ("EPA") exercised its authority under § 404(c) of the Act, 33 U.S.C. § 1344(c), to review the Corps' decision. Because defendant Deland, in his capacity as Regional Administrator (Region I) of the EPA, allegedly failed to meet a 30–day time limit prescribed by the EPA's own regulations, plaintiffs contend he is barred from taking any further action in this matter. They now ask this court to declare that defendant's determination under § 404(c) be deemed withdrawn and that the Corps may issue the permit it has already approved.

Section 404 of the Clean Water Act governs the issuance of permits "for the discharge of dredged or fill material into the navigable waters...." 33 U.S.C. § 1344(a). The initial decision whether to issue a permit rests with the Corps; but subsection (c) authorizes the Administrator of the EPA to overrule or restrict the decision of the Corps "whenever he determines, after notice for public hearings, that the ... [proposed project] will have an unacceptable adverse effect on municipal water supplies, shellfish beds and fishery areas ..., wildlife, or recreational areas." 33 U.S.C. § 1344(c). He is required to make written findings setting forth the reasons for his determination, but section 404(c) imposes no time limits on this review process.

EPA regulations governing § 404(c) procedures are set out at 40 C.F.R. pt. 231 (1985). The provision at issue here, § 231.-5(a), provides that "[t]he Regional Administrator or his designee shall, within 30 days after the public hearing, ... either withdraw the proposed determination or prepare a recommendation to prohibit or withdraw specification, or to deny, restrict, or withdraw the use for specification...."

The public hearing on plaintiffs' proposed use of Sweedens Swamp was held on September 26, 1986. It is undisputed that defendant failed to issue his recommendation within the 30–day period triggered by that event. Defendant argues that he is nonetheless in compliance with the regulations because § 231.8 provides that "upon a showing of good cause [he may] extend the time requirements." The section further required that defendant publish notice of the extension in the Federal Register. He did so, but not until two weeks after he finally issued his recommendation, and over four months after the close of the thirty-day period in which he was required to act.[1]

---

1. On several occasions defendant has informally notified plaintiffs that he would require additional time to issue his recommendation. The first of these followed plaintiffs' supplemental submission to the Corps, in October 1985, of plans for off-site mitigation. Defendant informed plaintiffs he would hold off his decision to consider comments filed on this proposal. The public comment period concluded on No-

Before the court are dispositive motions by both parties.[2] Defendant has advanced three grounds for dismissal of the complaint. First, as indicated in the previous paragraph, he contends that he has violated no provision of the relevant EPA regulations. Second, the case is moot: defendant has issued his recommendation and plaintiffs are entitled to no further relief. Third, he claims that as a matter of law plaintiffs may not estop the EPA from enforcing the Clean Water Act.

Defendant's contention that he has complied with EPA regulations is insupportable. Despite the deference due an agency's interpretation of its own regulations, defendant's construction of § 231.8—that notice after-the-fact is adequate—is simply wrong. But defendant's failure to comply within the prescribed 30–day period nevertheless does not oust him of jurisdiction over this matter. Because plaintiffs have received all the relief to which they are entitled, namely, the issuance of the overdue recommendation of the Regional Administrator, the complaint is dismissed on the basis of defendant's second ground. Accordingly, I do not reach the third ground.

The principal authority for plaintiffs' contention that § 231.5(a) is jurisdictional in nature is a pair of cases, *Pierce County v. United States Department of Labor*, 759 F.2d 1398 (9th Cir.1985) and *Lehigh Valley Manpower Program v. Donovan*, 718 F.2d 99 (3d Cir.1983), which held that failure to adhere to a time limit in the Comprehensive Employment and Training Act of 1973 ("CETA") barred further action by the Secretary of Labor. However, *Pierce County*, 759 F.2d 1398 (9th Cir.

1985), was reversed last month by the Supreme Court. *See Brock v. Pierce County,* — U.S. —, 106 S.Ct. 1834, 90 L.Ed.2d 248 (1986).

In *Brock v. Pierce County,* the Supreme Court expressed its approval of a line of cases standing for the proposition that government agencies do not lose jurisdiction by their failure to comply with statutory time limits unless the statute *"both* expressly requires an agency or public official to act within a particular time period *and* specifies a consequence for failure to comply with the provision." *St. Regis Mohawk Tribe, New York v. Brock,* 769 F.2d 37, 41 (2d Cir.1985) (quoting *Fort Worth National v. Federal Savings & Loan Ins. Corp.,* 469 F.2d 47, 58 (5th Cir.1972), *quoted in Brock v. Pierce County,* — U.S. at —, —, 106 S.Ct. at 1836–40. *See also Usery v. Whitin Machine Works,* 554 F.2d 498 (1st Cir.1977). It also reaffirmed the "great principle of public policy, applicable to all governments alike, which forbids that the public interests be prejudiced by the negligence of the officers or agents to whose care they are confided." *United States v. Nashville, C. & St. L.R. Co.,* 118 U.S. 120, 125, 6 S.Ct. 1006, 1008, 30 L.Ed. 81 (1886), *quoted in Brock v. Pierce County,* — U.S. at —, 106 S.Ct. at 1840. The court searched the legislative history of CETA for some indication that Congress intended to impose a jurisdictional limitation on the Secretary of Labor and found none. It concluded that in light of the public interest in protecting the public fisc and the availability of less drastic remedies,[3] Congress did not intend to cut off the agency's power to act.

vember 28, 1985. The Corps has not yet completed its review of the off-site mitigation plan.

**2.** On June 4, 1986, this court granted a motion to intervene by the Conservation Law Foundation of New England, Inc., the Massachusetts Audubon Society, Inc., Citizens for Responsible Environmental Management, the Massachusetts Society for Conservation Professionals, the Audubon Society of Rhode Island, the Rhode Island Association of Conservation Commissioners, the Environmental Defense Fund, Inc., the National Wildlife Federation, the Massachusetts Wildlife Federation, and the National Audubon

Society. The intervenors have submitted briefs in partial support of defendant's motion to dismiss and in partial opposition to plaintiff's motion for summary judgment. They are in essential agreement with the defendant, except they dispute his contention that he is in compliance with the relevant regulations.

**3.** The Administrative Procedure Act ("APA"), 5 U.S.C.A. §§ 701–706 (West 1977), entitles any person "adversely affected or aggrieved by agency action" to judicial review, § 702, unless the relevant statute precludes judicial review or "agency discretion is committed to agency dis-

The *Pierce County* court noted that it was not holding "that a statutory deadline for agency action can never bar later action unless that consequence is stated explicitly in the statute." *Id.* at ——, n. 9, 106 S.Ct. at 1840, n. 9. Nevertheless, the reasoning which guided the court in that case applies with even greater force here.

The deadline at issue in the instant case is not contained in a statute but in an agency regulation; the statute itself imposes no time restrictions on the Regional Administrator.[4] The only relevant statutory reference to time is in subsection (q), which urges that the entire permit process be completed within 90 days "to the maximum extent practicable." 33 U.S.C. § 1344(q). It contains no mandatory language.

The legislative history of the Clean Water Act demonstrates substantial concern on the part of Congress that permits be processed expeditiously. Rather than weaken defendant's position, however, it strengthens it. Concerned though it was, Congress nevertheless chose not to confine the EPA to a rigid time frame. Not only did it fail to prescribe consequences for untimeliness, it did not even provide a statutory deadline like the one examined in *Pierce County*. Nothing in either the statute or the legislative history even suggests that Congress intended to elevate timeliness over the objectives of the Act with a consequent bar to its enforcement.

The public interest in preserving the integrity of this nation's waters is at least as compelling as protecting the public fisc. While the public fisc can hopefully be replenished, it is less certain that, once damaged, the vitality of our waters can be restored. In the absence of a clear statutory restriction, together with explicit consequences for violations, plaintiffs are not entitled to the extreme remedy they seek.

For these reasons, defendant's motion to dismiss the complaint against him is allowed.

---

cretion by law," § 701(a)(2). Thus, a party adversely affected by an agency's failure to act could bring an action in the district court. The court would have the authority to "compel agency action unlawfully withheld or unreasonably delayed." § 706(1). *Pierce County*, —— U.S. at ——, n. 7, 106 S.Ct. at 1840, n. 7.

**4.** In *Pierce County*, the Supreme Court raised doubts as to whether an agency regulation is ever capable of creating a jurisdictional limitation not contained in the statute. *Id.* at ——, 106 S.Ct. at 1840.